IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OZIE RAMBO, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>LUPE VALDEZ, ET AL., )<br>   Defendants. ) | No. 3:16-CV-002-O |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff is a state prisoner, and has filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County Sheriff Lupe Valdez, the Dallas County Sheriff's Office, the Lew Sterrett Criminal Justice Center, and the Dallas County Jail Health Services Department.

Plaintiff states that on October 6, 2015, he attempted to enter a prison pod while using a medical walker. He states the automatic door malfunctioned and closed on him, causing extreme pain and discomfort and re-aggravating a previous injury. Plaintiff states he was stuck in the doorway for approximately four to five minutes before being extricated by prison officers. He states he hurt his back, arm and neck. He also claims he received inadequate medical care after the incident. Plaintiff seeks one million dollars in damages.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

## III. Discussion

### A.  Medical Care

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII;

*Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." Although Plaintiff claims that jail officials did not send him to the hospital within a reasonable time, the record shows he was seen by a jail nurse on the day of the incident, October 6, 2015, and he was seen at Parkland Hospital the next day. (Compl. Exhibits.) At Parkland Hospital he had x-rays taken that showed he had no broken bones, and he was given shots for pain. (*Id.*; Magistrate Judge's Questionnaire, Answer No. 3.) He had two follow-up medical appoints at the jail between October 8, 2015 and October 19, 2015. (*Id.*) He had a follow-up appointment at Parkland Hospital on November 9, 2015. (*Id.*) He also states he is currently receiving medical treatment for a pre-existing injury. (Magistrate Judge's Questionnaire, Answer No. 4.) Further, to the extent Plaintiff claims Defendants were negligent, negligent conduct does not rise to the level of a constitutional violation. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette*, 434 U.S. 555, 556 (1978). Plaintiff's claims should be dismissed.

2.   **Failure to Protect**

Plaintiff claims Defendants Lupe Valdez, the Dallas County Sheriff's Office, and the Lew

Sterrett Criminal Justice Center violated his constitutional rights when they failed to maintain proper working order of the door that injured him.

To establish a failure-to-protect claim under § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.; see also Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

In this case, Plaintiff has provided no evidence that prison officials knew or should have known that the door would malfunction. Plaintiff's claims allege, at most, a claim of negligence. This claim should be dismissed.

3.    **Non-Jural Entities**

Plaintiff names the Dallas County Sheriff's Office and the Lew Sterrett Criminal Justice Center as Defendants. These Defendants are non-jural entities under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless

the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Hutchinson v. Box*, 2011 WL 839864, No. 4:10-CV-240 (E.D. Tex. Feb. 17., 2011). These Defendants should therefore be dismissed.

## IV. Recommendation

The Court recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this _2_ day of _May_, 2016.

```
                              PAUL D. STICKNEY
                              UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).